**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

[redacted] 07 332 ML

SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY

Plaintiff,

v.

ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY,

Defendant.

Civil Action No.:

**COMPLAINT**

**INTRODUCTION**

This action is brought by Plaintiff Seaton Insurance Company, formerly known as Unigard Mutual Insurance Company ("Seaton"), against Defendant Illinois Union Insurance Company, formerly known as GATX Insurance Company ("Illinois Union"), to obtain sums that are owed by Illinois Union to Seaton under the terms of certain reinsurance contracts. Seaton also requests a declaration that Illinois Union is required to indemnify Seaton for additional amounts due under the reinsurance contracts as these amounts are paid by Seaton and presented to Illinois Union for reimbursement. As of this date, Illinois Union owes Seaton in excess of $3.5 million for insured asbestos-related losses that Seaton has paid on behalf of its policyholder, Borg-Warner Corporation ("Borg-Warner"). Despite timely and repeated demands by Seaton for payment, Illinois Union has failed to make the payments required by the reinsurance contracts and has not contested its obligation to do so. Accordingly, Seaton seeks a Judgment of the Court directing Illinois Union to pay all past due amounts and to promptly pay all future reinsured losses as they are presented.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that Seaton and Illinois Union are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. The Court also has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §2201 (Declaratory Judgments).

2. The Court has personal jurisdiction over Illinois Union because Illinois Union transacts business in Rhode Island.

3. Further, pursuant to the terms of the "Service of Suit" clause contained in each of the reinsurance contracts at issue, Illinois Union "agreed that in the event of failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court."

4. Venue lies in this Court pursuant to 28 U.S.C. §1391(a)(2), including insofar as Castlewood (US), Inc. ("Castlewood"), located in Warwick, Rhode Island, has been retained to act for and on behalf of Seaton as run-off manager; a substantial part of the events or omissions giving rise to the claim occurred in Rhode Island; and Illinois Union consented to venue in this Court pursuant to the "Service of Suit" clause quoted above.

## PARTIES

5. Plaintiff Seaton Insurance Company ("Seaton") is an insurance company domiciled and licensed to conduct business in the State of Rhode Island. Seaton was formerly

known as Unigard Mutual Insurance Company ("Unigard") and has succeeded to all of the rights and obligations of Unigard, including with respect to the reinsurance contracts that are the subject of this action.

6. Defendant Illinois Union Insurance Company ("Illinois Union") is an insurance and reinsurance company organized under the law of the State of Illinois with its principal place of business in Illinois. Illinois Union is a member of the ACE Group of companies. Illinois Union does business in Rhode Island and is recognized by the Rhode Island Division of Insurance as an approved surplus lines insurer. Illinois Union is the successor-in-interest to GATX Insurance Company ("GATX"), including with respect to the reinsurance contracts that are the subject of this action.

## FACTS

### The Unigard Policy and the Underlying Asbestos Claims

7. Unigard insured Borg-Warner under an Umbrella Liability Policy (Policy No. 1-2776) that was issued for the policy period from September 1, 1974 to September 1, 1975 (the "Borg-Warner Policy"). Subject to all of the terms, conditions and exclusions contained in the Borg-Warner Policy, Unigard agreed to provide excess umbrella liability coverage to Borg-Warner in the amount of $50 million each occurrence and in the aggregate, excess of underlying primary coverage and self-insured retentions.

8. Borg-Warner is a major corporation engaged in a variety of manufacturing and other operations. Borg-Warner has been sued by thousands of individuals who claim to have suffered bodily injury as the result of exposure to products containing asbestos for which Borg-Warner is alleged to be liable (the "Underlying Asbestos Claims").

9. Borg-Warner has presented the Underlying Asbestos Claims to Seaton (as the successor to Unigard) and its other insurers. Seaton has participated in the funding of the defense, settlement or other resolution of the Underlying Asbestos Claims pursuant to the terms of the Borg-Warner Policy.

10. As of the date of this Complaint, Seaton has paid more than $3.5 million on behalf of Borg-Warner, or to reimburse Borg-Warner, for defense, settlement and other costs presented by Borg-Warner with respect to the Underlying Asbestos Claims.

**The Reinsurance Contracts**

11. At or about the time that the Borg-Warner Policy went into effect, Unigard contracted for facultative reinsurance with GATX which required GATX to reimburse Unigard for certain losses that Unigard could be liable to pay under the Borg-Warner Policy.

12. Reinsurance is a means by which insurance companies insure themselves against risks that they may be obliged to pay to their policyholders under insurance policies. Under settled principles of insurance law, a reinsurance contract is considered an honorable engagement and a reinsurer owes a duty of utmost good faith to its ceding insurer.

13. GATX issued the following three facultative reinsurance contracts reinsuring the Borg-Warner Policy:

a. Pursuant to Cover Note Number 171 ("CN 171") executed by GATX Underwriters, Inc. on behalf of GATX on or about August 23, 1974, GATX agreed to reinsure Unigard for the account of Borg-Warner up to a limit of $1 million. GATX further agreed pursuant to the terms of CN 171 to provide reinsurance to Unigard in the amount of $3 million, part of $4 million, excess of $1 million. [A true copy of CN 171 is attached hereto as Exhibit A].

b. Pursuant to Cover Note Number 266 ("CN 266"), executed by GATX Underwriters, Inc. on behalf of GATX on or about July 18, 1975, GATX agreed to reinsure Unigard for the account of Borg-Warner up to a limit of $1.5 million, part of the layer of $10 million, excess of $10 million, excess of underlying. [A true copy of CN 266 is attached hereto as Exhibit B].

c. Pursuant to Cover Note Number 267 ("CN 267"), executed by GATX Underwriters, Inc. on behalf of GATX on or about July 18, 1975, GATX agreed to reinsure Unigard for the account of Borg-Warner up to a limit of $1.5 million for the layer of $30 million, excess of $20 million, excess of underlying. [A true copy of CN 267 is attached hereto as Exhibit C. (CN 171, CN 266 and CN 267 shall be collectively referred to as the "Reinsurance Contracts")].

14. Unigard paid all premiums due and owing to GATX for the coverage provided by the Reinsurance Contracts.

15. Since 2003, Seaton (as the successor to Unigard) has ceded more than $3.5 million in losses relating to the Underlying Asbestos Claims to Illinois Union (as the successor to GATX) under the terms and conditions of the Reinsurance Contracts, requesting reimbursement for losses paid by Seaton pursuant to the Borg-Warner Policy.

16. Illinois Union has not disputed the amount or reasonableness of the payments made by Seaton with respect to the Underlying Asbestos Claims.

17. Illinois Union has not asserted that the amounts paid by Seaton and submitted to Illinois Union were improperly ceded to the Reinsurance Contracts or otherwise contested its obligation to reimburse Seaton for these amounts under the terms of the Reinsurance Contracts.

18. Instead, without reason or excuse, Illinois Union has failed to make timely payment of the amounts that are owed to Seaton under the terms of the Reinsurance Contracts.

19. Insofar as the limits of the Borg-Warner Policy are not yet exhausted, Seaton has and will continue to make payments to or on behalf of Borg-Warner in connection with the Underlying Asbestos Claims.

20. Seaton has and will continue to cede such additional payments to Illinois Union for reimbursement pursuant to the terms of the Reinsurance Contracts. In light of Illinois Union's failure to perform its obligations under the terms of the Reinsurance Contracts, a declaration of the parties' respective rights and future obligations is required.

**COUNT I– BREACH OF CONTRACT – COVER NOTE 171**

21. Seaton repeats and incorporates by reference the allegations contained in ¶¶1-20 above as though fully set forth here.

22. Illinois Union has breached the terms of Cover Note 171 by failing to reimburse Seaton for payments relating to the Underlying Asbestos Claims made on behalf of Borg-Warner and properly ceded to Illinois Union.

23. Seaton is entitled to Judgment against Illinois Union for all such payments, together with interest, costs and attorneys' fees in connection with bringing this action.

**COUNT II – BREACH OF CONTRACT – COVER NOTE 266**

24. Seaton repeats and incorporates by reference the allegations contained in ¶¶1-20 above as though fully set forth here.

25. Illinois Union has breached the terms of Cover Note 266 by failing to reimburse Seaton for payments relating to the Underlying Asbestos Claims made on behalf of Borg-Warner and properly ceded to Illinois Union.

26. Seaton is entitled to Judgment against Illinois Union for all such payments, together with interest, costs and attorneys' fees in connection with bringing this action.

**COUNT III – BREACH OF CONTRACT – COVER NOTE 267**

27. Seaton repeats and incorporates by reference the allegations contained in ¶¶1-20 above as though fully set forth here.

28. Illinois Union has breached the terms of Cover Note 267 by failing to reimburse Seaton for payments relating to the Underlying Asbestos Claims made on behalf of Borg-Warner and properly ceded to Illinois Union.

29. Seaton is entitled to Judgment against Illinois Union for all such payments, together with interest, costs and attorneys' fees in connection with bringing this action.

**COUNT IV--DECLARATORY JUDGMENT**

30. Seaton repeats and incorporates by reference the allegations contained in ¶1-29 above as though fully set forth here.

31. Seaton is entitled to a declaration of the respective rights and obligations of the parties under the terms of the Reinsurance Contracts.

32. Specifically, Seaton is entitled to a declaration that all future payments made by Seaton under the Borg-Warner Policy relating to the Underlying Asbestos Claims and ceded to Illinois Union pursuant to the terms of the Reinsurance Contracts must be reimbursed by Illinois Union within a commercially reasonable time.

**WHEREFORE**, Seaton respectfully requests that the Court enter Judgment in its favor as follows:

1. For all sums ceded to Illinois Union pursuant to Cover Note 171, together with interest thereon.

2. For all sums ceded to Illinois Union pursuant to Cover Note 266, together with interest thereon.

3. For all sums ceded to Illinois Union pursuant to Cover Note 267, together with interest thereon.

4. Declaring that Illinois Union is required to reimburse Seaton for all additional losses paid by it with respect to the Underlying Asbestos Claims that are ceded to Illinois Union under the terms of the Reinsurance Contracts.

5. Awarding Seaton its reasonable costs and attorneys' fees for being required to bring this action to compel Illinois Union to honor its contractual obligations.

6. For such other and further relief as the Court may deem just and proper.

## JURY CLAIM

Plaintiff Seaton demands a trial by jury on all issues so triable.

**SEATON INSURANCE COMPANY f/k/a**
**UNIGARD MUTUAL INSURANCE COMPANY,**
By its attorneys,

Paul V. Sullivan, # 5712
**MORRISON MAHONEY LLP**
121 South Main Street, Suite 600
Providence, RI 02903-7141
Ph: (401) 331-4660 ; Fax: (401) 351-4420

Michael F. Aylward, Esq. (pro hac vice)
John T. Harding, Esq. (pro hac vice)
**MORRISON MAHONEY LLP**
250 Summer Street
Boston, MA 02210
Ph: (617) 439-7558; Fax: (617) 342-4888

Dated: August 31, 2007