# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

SEATON INSURANCE COMPANY,
f/k/a UNIGARD MUTUAL INSURANCE
COMPANY,

Plaintiff,

v.

ILLINOIS UNION INSURANCE
COMPANY, f/k/a GATX INSURANCE
COMPANY,

Defendant.

C.A. No. 07-332-ML

## ANSWER OF DEFENDANT ILLINOIS UNION INSURANCE COMPANY

Defendant Illinois Union Insurance Company ("Illinois Union"), by and through its counsel Partridge, Snow & Hahn LLP, answers as follows the Complaint of plaintiff Seaton Insurance Company:

## INTRODUCTION

Unless specifically admitted, Illinois Union generally denies the allegations of the Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure. In response to any specific allegations contained in the introduction of the Complaint, Illinois Union respectfully refers the Court to its specific responses to the individual allegations contained in the numbered paragraphs of the Complaint as set out below.

## JURISDICTION AND VENUE

1. Illinois Union admits the allegations contained in paragraph 1 of the Complaint.

2. Illinois Union admits the allegations contained in paragraph 2 of the Complaint.

3. Illinois Union admits that paragraph 3 of the Complaint quotes accurately certain excerpts from the Cover Notes, but asserts that the entirety of the Cover Notes must be referred to for their complete terms and conditions.

4. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint insofar as they refer to the propriety of venue in the District of Rhode Island, but admits that GATX Insurance Company consented to venue in this Court by virtue of the Service of Suit clause quoted in paragraph 3 of the Complaint.

**PARTIES**

5. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. With respect to the first sentence of paragraph 6 of the Complaint, Illinois Union admits that it maintains a place of business in the state of Illinois, but asserts that the allegation that its principal place of business is located in that state is a conclusion of law to which no responsive pleading is required. Illinois Union admits the remainder of the allegations contained in paragraph 6 of the Complaint.

**FACTS**

7. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Illinois Union admits that GATX Insurance Company issued certificates of facultative reinsurance to Unigard Mutual Insurance Company, but denies the remainder of paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

13. a. Illinois Union admits that GATX Insurance Company issued a certificate of facultative reinsurance to Unigard Mutual Insurance Company as set forth in paragraph 13a. of the Complaint, but refers the Court to Cover Note 171 for that certificate's complete terms and conditions. Illinois Union further denies that a true copy of Cover Note 171 has been attached to the Complaint.

b. Illinois Union admits the allegations set forth in paragraph 13b. of the Complaint, but refers the Court to Cover Note 266 for that certificate's complete terms and conditions.

c. Illinois Union admits the allegations set forth in paragraph 13c. of the Complaint, but refers the Court to Cover Note 267 for that certificate's complete terms and conditions.

14. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Illinois Union denies that plaintiff has ceded to it $3.5 million in losses in accordance with the terms of the certificates of facultative reinsurance, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint.

16. Illinois Union denies the allegations contained in paragraph 16 of the Complaint.

17. Illinois Union denies the allegations contained in paragraph 17 of the Complaint.

18. Illinois Union denies the allegations contained in paragraph 18 of the Complaint.

19. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Illinois Union lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 20 of the Complaint. The second sentence of paragraph 20 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required.

**COUNT I – BREACH OF CONTRACT – COVER NOTE 171**

21. Illinois Union repeats and realleges its responses to paragraphs 1 through 20 of the Complaint as set forth above as if set forth fully herein.

22. Illinois Union denies the allegations set forth in paragraph 22 of the Complaint.

23. Illinois Union denies the allegations of paragraph 23 of the Complaint and denies that plaintiff is entitled to any of the relief sought in the Prayer for Relief section of the Complaint.

**COUNT II – BREACH OF CONTRACT – COVER NOTE 266**

24. Illinois Union repeats and realleges its responses to paragraphs 1 through 23 of the Complaint as set forth above as if set forth fully herein.

25. Illinois Union denies the allegations set forth in paragraph 25 of the Complaint.

26. Illinois Union denies the allegations of paragraph 26 of the Complaint and denies that plaintiff is entitled to any of the relief sought in the Prayer for Relief section of the Complaint.

**COUNT III – BREACH OF CONTRACT – COVER NOTE 267**

27. Illinois Union repeats and realleges its responses to paragraphs 1 through 26 of the Complaint as set forth above as if set forth fully herein.

28. Illinois Union denies the allegations set forth in paragraph 28 of the Complaint.

29. Illinois Union denies the allegations of paragraph 29 of the Complaint and denies that plaintiff is entitled to any of the relief sought in the Prayer for Relief section of the Complaint.

**COUNT IV – DECLARATORY JUDGMENT**

30. Illinois Union repeats and realleges its responses to paragraphs 1 through 29 of the Complaint as set forth above as if set forth fully herein.

31. Illinois Union denies the allegations set forth in paragraph 31 of the Complaint.

32. Illinois Union denies the allegations of paragraph 32 of the Complaint and denies that plaintiff is entitled to any of the relief sought in the Prayer for Relief section of the Complaint.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff breached the certificates of facultative reinsurance by failing to provide timely notice of claims as required by such contracts, including immediate notice of any occurrence likely to result in a claim.

**THIRD DEFENSE**

Plaintiff breached the certificates of facultative reinsurance by failing to provide a sworn proof of loss as required by such contracts.

**FOURTH DEFENSE**

Plaintiff's action is barred by the terms of the certificates of facultative reinsurance, which expressly invalidate all claims not presented in accordance with their terms and conditions.

**FIFTH DEFENSE**

Under the terms and conditions of the certificates of facultative reinsurance, plaintiff is entitled only to indemnification for "losses." To the extent plaintiff seeks to recover other amounts not covered under the contracts, such claims are barred.

**SIXTH DEFENSE**

To the extent that any of the underlying claims referenced in the Complaint involve alleged injury that occurred prior to the inception of any applicable policy period or periods, or following the expiration of any applicable policy period or periods, coverage is barred under the certificates of facultative reinsurance.

**SEVENTH DEFENSE**

To the extent that any of the underlying claims referenced in the Complaint do not constitute an "occurrence" as defined by the relevant policy, coverage is barred under the certificates of facultative reinsurance.

**EIGHTH DEFENSE**

To the extent that any of the underlying claims referenced in the Complaint do not constitute a "bodily injury" as defined by the relevant policy, coverage is barred under the certificates of facultative reinsurance.

**NINTH DEFENSE**

The certificates of facultative reinsurance do not provide coverage for any payment voluntarily made or monetary obligation voluntarily assumed by plaintiff.

**TENTH DEFENSE**

Illinois Union does not have any indemnification obligation under the certificates of reinsurance unless and until the liability limits of the underlying insured's primary policies and/or self-insured retention have been fully and properly exhausted.

**ELEVENTH DEFENSE**

Plaintiff's claims for sums allegedly due under certificates of reinsurance Cover Note 266 and Cover Note 267 are not yet ripe for adjudication.

**TWELFTH DEFENSE**

Plaintiff's claims are barred to the extent that it is not a successor to the named insured under the certificates of reinsurance.

**THIRTEENTH DEFENSE**

Illinois Union expressly reserves the right to raise any other defenses as may be revealed by its investigation and/or discovery.

WHEREFORE, Illinois Union requests that this Court dismiss with prejudice each claim for relief in the Complaint and grant such other and further relief as the Court deems just and proper.

ILLINOIS UNION INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor

Howard Merten (#3171)
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200 / (401) 861-8210 FAX
hm@psh.com
rkt@psh.com

DATED: November 13, 2007

Of Counsel:

Lloyd A. Gura, Esq.
Andrea Fort, Esq.
MOUND, COTTON, WOLLAN & GREENGRASS
One Battery Park Plaza
New York, NY 10004
(212) 804-4200
(212) 344-8066 FAX
lgura@moundcotton.com
afort@moundcotton.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ANSWER OF DEFENDANT ILLINOIS UNION INSURANCE COMPANY was electronically filed with the Clerk of the United States District Court for the District of Rhode Island on the 13th day of November, 2007 and is available for downloading and viewing to the following counsel of record:

Paul V. Sullivan / Morrison Mahoney LLP
pvsullivan@morrisonmahoney.com

/s/ Robert K. Taylor

951251_1