**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY,<br><br>Defendant. | C.A. No. 07-332-ML |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTIONS FOR ENTRY OF APPEARANCES *PRO HAC VICE***

In its objections to Illinois Union's motions seeking the *pro hac vice* admission of Paul W. Kalish and Jennifer R. Devery of Crowell & Moring, Seaton asserts that "Crowell & Moring LLP has a conflict of interest" and that "Seaton does not agree to waive any conflict that Crowell & Moring LLP has, and opposes any attempt by Crowell & Moring LLP to represent defendant in the instant lawsuit." While a purported conflict of interest may be grounds for a properly supported motion to disqualify counsel after they have entered an appearance, it is not grounds for objecting to a properly supported *pro hac vice* motion. Therefore, the motions to admit Mr. Kalish and Ms. Devery should be granted.

Seaton's current conflict claim is nothing more than a tactical maneuver in a dispute between the parties that encompasses far more than just this case. In fact, Seaton has already waived any potential conflict of interest in connection with Crowell & Moring's representation adverse to Seaton in this matter. That waiver has been in place for several years and has been acknowledged by Seaton representatives since then. While Illinois Union

welcomes the opportunity to fully brief this issue and to present evidence regarding Seaton's consent to Crowell & Moring's representation of Illinois Union in this matter at a later date, for purposes of a reply to the pending *pro hac* motions, the following background information may be helpful to the Court.

Randall America (presently known as Resolute New England), Seaton's agent, retained Crowell & Moring to represent Seaton (along with other entities, such as OneBeacon Insurance Company, for which Randall America is also responsible). On June 30, 2003, Crowell & Moring memorialized its retention in a letter to Thomas Ryan of Randall America. (A copy of this letter is attached as Exhibit 1.) This letter also confirmed the understanding and agreement that Seaton (and the other insurers for which Randall America had responsibility) waived any future conflicts in connection with the firm's representation of its other insurance carrier clients, such as the ACE-related companies (of which Illinois Union is one). (*See* Exhibit 1, at 3.) Indeed, Seaton's consent to such other representations was a condition of Crowell & Moring agreeing to represent Seaton; the firm would not have accepted the engagement without the waiver.

In light of Seaton's unambiguous consent to Crowell & Moring's representation of other clients in future matters adverse to Seaton, the reasons behind Seaton's current claim of conflict can only be understood in connection with a series of disputes involving Seaton and the ACE-related companies (including Illinois Union). More specifically, in August 2006, Crowell & Moring, on behalf of certain ACE-related companies, initiated a reinsurance arbitration against Seaton in connection with, among other things, Seaton's failure to timely pay claims. The firm initiated a similar arbitration on behalf of another ACE-related company against Seaton on September 11, 2006. At that time, Crowell & Moring also took affirmative measures to protect

the confidential information of both the ACE-related companies and Seaton, including instituting an ethical wall between individuals working on matters for Seaton, on the one hand, and those individuals working on matters for the ACE-related companies in these reinsurance matters involving Seaton, on the other. Since those initial demands, additional arbitrations have been demanded by both sides, and Seaton has brought this lawsuit and two other two similar lawsuits against ACE-related companies, one in this court and another in Rhode Island state court. *See Seaton Ins. Co. v. Century Indemnity Co., et al.*, No. 07-478 (D.R.I. Dec. 27, 2007); *Seaton Ins. Co., et al. v. Century Indemnity Co., et al.*, No. 07-70228 (R.I. Super. Ct. Dec. 26, 2007).

When Seaton questioned Crowell & Moring's representation of the ACE-related companies early on in the fall of 2006, Crowell & Moring reminded Seaton that the representation against Seaton is covered by the 2003 written waiver. After this reminder, Seaton chose not to contest Crowell & Moring's representation of the ACE-related companies against it or the overall validity of the waiver. Rather, Randall America, on Seaton's behalf, dealt with Crowell & Moring in staying certain of the arbitrations to allow for settlement discussions. Seaton did not assert that Crowell & Moring's representation of the ACE-related companies in these reinsurance matters was not covered by the waiver until November 2007, more than a year after Crowell & Moring first notified Seaton that it was undertaking the representation of ACE-related companies in reinsurance disputes adverse to Seaton. As a result, the ACE-related companies have already invested significant time and energy in the representation.[1]

---

[1] Apart from the instant dispute between Seaton and the ACE-related companies, Crowell & Moring has also represented parties adverse to other Randall America companies pursuant to the same waiver, with Randall America acknowledging the broad waiver.

Crowell & Moring's representation of Illinois Union and the other ACE-related companies in these reinsurance disputes with Seaton is permitted under the ethical rules of both the District of Columbia (where Crowell & Moring is located and where Mr. Kalish and Ms. Devery are admitted to practice) and Rhode Island (whose Rules of Professional Conduct apply to counsel litigating in this Court under LR 208). Properly viewed, the parties' waiver and the parties' course of dealing each clearly establish Crowell & Moring's right to represent the ACE-related companies in these disputes. More than that, the timing and circumstances of Seaton's challenge of Crowell & Moring's representation make its claims suspect at best.

Accordingly, Illinois Union requests that the Court grant the *pro hac vice* admission of Paul W. Kalish and Jennifer R. Devery of Crowell & Moring and address the conflict issue separately and on its own merits. Attorneys Kalish and Devery have satisfied the requirements for admission *pro hac vice* under the Court's Local Rules. Should Seaton thereafter wish to press its conflict of interest argument, it may file a properly supported motion to disqualify, to which Illinois Union will respond. In the event a motion to disqualify is filed, Illinois Union looks forward to briefing the conflict issue in full and presenting this Court with evidence, including additional documents and affidavits, that will demonstrate the propriety of Crowell & Moring's representation of Illinois Union in this matter.

ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8200 FAX
rkt@psh.com

DATED: January 10, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTIONS FOR ENTRY OF APPEARANCES *PRO HAC VICE* was filed with the Clerk of the United States District Court for the District of Rhode Island this 10th day of January, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

Paul V. Sullivan / Morrison Mahoney LLP
pvsullivan@morrisonmahoney.com

John T. Harding / Morrison Mahoney LLP
jharding@morrisonmahoney.com

/s/ Robert K. Taylor

961101_1/8031-2