**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SEATON INSURANCE COMPANY, f/k/a
UNIGARD MUTUAL INSURANCE COMPANY,
Plaintiff,

v.

ILLINOIS UNION INSURANCE COMPANY,
f/k/a GATX INSURANCE COMPANY

Defendant.

Civil Action No. 07-332-DLM

**DECLARATION OF MARK D. PLEVIN IN SUPPORT OF DEFENDANT ILLINOIS UNION'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

I, MARK D. PLEVIN, declare as follows:

1. I am a partner at Crowell & Moring LLP. I am over the age of twenty-one years and am otherwise competent to give this Declaration in support of Illinois Union's Opposition to Plaintiff's Motion to Disqualify Counsel. I have personal knowledge of the matters stated herein and know them to be true and correct.

2. In 2006, I undertook the representation of Maryland Casualty Company in connection with *In re Lloyd E. Mitchell, Inc.*, No. 06-13250-NVA (Bankr. D. Md.). On June 8, 2006, Crowell & Moring filed a Notice of Appearance and Request for Service of Papers (the "*Mitchell* notice") in that bankruptcy case. A copy of that notice is attached as Exhibit A.

3. As indicated in the certificate of service attached to and filed with the *Mitchell* notice, Crowell & Moring served the *Mitchell* notice on Commercial Union (One Beacon), c/o Christopher Goss, Acct. Mgr., 2 Central Square, Cavell America, Cambridge, MA 02139.

4. In 2006, Commercial Union ("CU") was an insurance company whose claims were administered by Cavell America, Inc., f/k/a Ken Randall America, Inc. ("Randall/Cavell"). At the

time I entered my appearance on behalf of Maryland Casualty in the *Lloyd E. Mitchell* bankruptcy case, Crowell & Moring represented CU in other insurance matters.

5. On June 14, 2006, I received an email from Brian Bendig, then a senior lawyer at Randall/Cavell, objecting to Crowell & Moring's representation of Maryland Casualty Company in the *Lloyd E. Mitchell* bankruptcy case. A true and correct copy of Mr. Bendig's June 14, 2006 email is attached as Exhibit B.

6. In his June 14, 2006 email, Mr. Bendig expressed the view, apparently because Crowell & Moring also represented CU in unrelated matters, that "[Crowell & Moring] has a clear conflict." (Exhibit B.) He further stated, "CU does not waive the conflict." (*Id.*)

7. I responded to Mr. Bendig's concern the next day, June 15, 2006. A true and correct copy of my June 15, 2006 email response, partially redacted to protect confidential information, is attached as Exhibit C.

8. In my June 15, 2006 email, I explained, among other things, that Randall/Cavell had executed a "blanket conflicts waiver agreement" on behalf of the Randall/Cavell-managed companies (of which CU was one) that permitted us to represent Maryland Casualty Company in the *Lloyd E. Mitchell* case "even if Maryland Casualty's interests are in conflict with CU's," "so long as [Crowell & Moring] is not already representing a Cavell-administered company in that particular matter." (Exhibit C.) I attached to my email a June 30, 2003 letter from Cliff Hendler, a partner at Crowell & Moring, to Tom Ryan at Randall/Cavell that set for the terms of this "broad advance waiver." (*Id.*)

9. Mr. Bendig responded to my June 15, 2006 email on June 16, 2006. A true and correct copy of Mr. Bendig's June 16, 2006 email to me, partially redacted to protect confidential information, is attached as Exhibit D.

10. In Mr. Bendig's June 16, 2006 email, he acknowledged that he had not seen the Hendler-Ryan June 30, 2003 letter. Mr. Bendig did not in his e-mail to me question the fact that it memorialized a waiver that permitted Crowell & Moring to represent Maryland Casualty, nor did CU or Randall/Cavell ever seek to disqualify me or Crowell & Moring from that representation. On the contrary, Mr. Bendig acknowledged "the broad waiver" granted to Crowell & Moring. (Exhibit D.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 25, 2008 in Washington, D.C.

Mark D. Plevin