**From:** Brian Bendig [Brian.Bendig@cavellamerica.com]
**Sent:** Friday, June 16, 2006 11:04 AM
**7** Plevin, Mark
**Subject:** RE: Lloyd E. Mitchell, Inc.

I had not seen Cliff's June 2003 letter. It would be far better for client relations if there were more active communication of intent to represent other carriers in specific matters where Cavell companies are also involved, rather than allowing us to find out first through other means. If the courtesy of prior notification does not occur, we might be forced to reconsider the broad waiver or our arrangement more generally.

-----Original Message-----
**From:** Plevin, Mark [mailto:MPlevin@crowell.com]
**Sent:** Thursday, June 15, 2006 3:54 PM
**To:** Brian Bendig
**Subject:** RE: Lloyd E. Mitchell, Inc.

Brian:

You are a valued client, and I am obviously concerned that you are concerned, per your e-mail below, about our representation of Maryland Casualty in the Lloyd E. Mitchell Co. matter.

With this response, I am hoping to reassure you in two ways. First, I want to explain why there does not actually appear to be a conflict between Maryland Casualty and Commercial Union in connection with the Mitchell matter. Second, I want to bring to your attention our blanket conflicts waiver agreement with the Cavell-administered entities that permits us to proceed with the Maryland Casualty representation, even if there were a conflict, given that we are not already doing any work for CU with respect to Mitchell. Needless to say, if you have any questions or would like o discuss this further after considering the rest of this e-mail, please give me a call.

First, as a substantive matter,

REDACTED

Second, even if there were a conflict -- and again, we do not believe that there is one -- Cavell America has already provided our firm with a blanket conflicts waiver that permits us to handle the Mitchell matter for Maryland Casualty. I attach a June 30, 2003 letter (that it appears you have not seen before) from Cliff Hendler to Tom Ryan which sets forth the terms of Cavell's broad advance waiver. Page 3 of the letter reiterates a series of conflicts understandings and waivers that previously had been agreed to by the parties. In pertinent part, the letter states:

> Thus, you will recall that Crowell & Moring also represents other carriers such as ACE Companies, RiverStone-administered entities, United Educators, St. Paul, and Liberty in numerous multi-carrier insurance matters, including matters in which Randall-administered companies may have an adverse interest, and that it is understood that Crowell & Moring can continue to do such present and future cases for other carriers as a matter of course where Crowell & Moring is not in such cases representing Randall-administered companies.

Given these conflicts understandings, C&M may take on representations for other insurers whose interests may be adverse to the interests of Cavell-administered companies, so long as C&M is not already representing a Cavell-administered company in that particular matter. Since C&M does not represent any Cavell-administered company in connection with the Mitchell matter, we are able to take on the representation of Maryland Casualty in the Mitchell matter, even if Maryland Casualty's interests are in conflict with CU's -- which, as I have explained, we do not believe

them to be.



I would, of course, be pleased, if necessary, to speak with you further about this, and hope very much that the additional information contained in this e-mail allays your concerns.

Mark D. Plevin
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2801
Fax: (202) 628-5116
mplevin@crowell.com
www.crowell.com

<<SFX2D37.pdf>>

-----Original Message-----
From: Brian Bendig [mailto:Brian.Bendig@cavellamerica.com]
Sent: Wednesday, June 14, 2006 11:39 AM
To: Plevin, Mark
Subject: Lloyd E. Mitchell, Inc.

Mark:

I understand C&M has been retained by Maryland Casualty/Zurich (MC/Z) in the Chapter 11 proceeding styled In Re Lloyd E. Mitchell, Inc., filed last week in the US Bankruptcy Court for the District of Maryland.

C&M has a clear conflict respecting this representation. The conflict is obvious even from the limited information we possess at present. MC/Z sits immediately below CU coverage issued to the debtor. The exhibit to the debtor's voluntary petition indicates MC/Z and debtor are settling on a buyback basis, with a consequent exhaustion claim. CU does not waive the conflict.

We are informed that you have appeared on behalf of MC/Z. I am unaware that anyone from C&M even contacted us regarding this situation. We had to learn about it through other means.