UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL INDEMNITY COMPANY, Petitioner, - against - SEATON INSURANCE COMPANY, Respondent. | 07 CV 10349 Civil Action No. **PETITION TO CONFIRM ARBITRAL AWARD** |

National Indemnity Company ("NICO"), by and through its attorneys, Dewey & LeBoeuf LLP and Clyde & Co. US LLP, allege as follows:

RECEIVED NOV 15 2007 U.S.D.C. S.D.N.Y. CASHIERS

**NATURE OF THE PROCEEDING**

1. This is a petition pursuant to 9 U.S.C. § 9, to confirm the final award (the "Final Award") issued by the Panel on September 28, 2007, in an arbitration captioned *National Indemnity Company v. Seaton Insurance Company*. A true and correct copy of the Panel's Final Award is annexed hereto as Exhibit A.

2. This action arises under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, as the agreement at issue (i) is a contract evidencing a transaction involving commerce between NICO, a Nebraska entity, and Seaton Insurance Company ("Seaton"), a Rhode Island entity, and (ii) calls for arbitration in New York.

**PARTIES, JURISDICTION AND VENUE**

3. Seaton is a Rhode Island company, with its principal place of business at 200 Metro Center Blvd., Warwick, Rhode Island 02886.

4. NICO is a Nebraska company, with its principal place of business at 3024 Harney Street, Omaha, Nebraska 68131.

5. This Court has jurisdiction over this action pursuant to 9 U.S.C § 9 and 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue is proper in this District under 9 U.S.C. § 9 and 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

7. NICO and Seaton entered into an Aggregate Retrocession of Loss Portfolio Agreement (the "Reinsurance Agreement"), whereby NICO agreed to reinsure Seaton for up to $350,000,000 in aggregate losses. A true and correct copy of the Reinsurance Agreement is annexed hereto as Exhibit B.

8. The Reinsurance Agreement contains an arbitration clause that provides:

> All matters in difference between [Seaton] and [NICO] in relation to this Retrocession, including its formation and validity, and whether arising during or after the period of this Retrocession, shall be referred to an Arbitration Tribunal in the manner hereinafter set out. . . . Unless the parties agree upon a single arbitrator within thirty days of one receiving a written request from the other for arbitration, the Claimant (the party requesting Arbitration) shall appoint his arbitrator and give written notice thereof to the Respondent (the other party to this Retrocession). The Respondent shall appoint his arbitrator and give written notice thereof to the Claimant. The two arbitrators shall agree upon the selection of an Umpire. . . . The seat of the Arbitration shall be in New York, New York, and the Arbitration Tribunal shall apply the laws of New York (without regard to conflict of laws principles) as the proper law of this Retrocession. The arbitration shall be conducted in the English language. This Retrocession shall be governed by the laws of the State of New York, without regard to

> conflict of laws principles. The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature. The award of the Arbitration Tribunal (by simple majority) shall be in writing and final and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to any court having jurisdiction thereof or having jurisdiction over the parties or their assets.

Ex. B at Article 14.

9. The governing arbitration clause provides that any award by a majority of the Panel shall be final and binding upon the parties. *Id.*

10. By Demand dated January 4, 2006, NICO initiated arbitration against Seaton seeking access to books and records. NICO submitted an amended and supplemental Demand on May 22, 2006, adding claims against third-party Castlewood and additional claims against Seaton relating to the handling and servicing of claims under the Reinsurance Agreement. On June 22, 2006, Seaton filed a Counter-Demand for arbitration, seeking, amongst other things, to be declared claims servicer under the Reinsurance Agreement. At the arbitration hearing, Seaton additionally sought rescission of the Reinsurance Agreement.

11. Hearings were held in New York on July 9-20 and August 6-9, 2007, in which both parties submitted argument, witness testimony and exhibits to the Panel concerning the issues in dispute.

12. The Panel issued the Final Award on September 28, 2007. The Final Award denied each of Seaton's claims for monetary damages, denied Seaton's claim for rescission of the Reinsurance Agreement and requests to be declared claims servicer under the Reinsurance Agreement, and declared that NICO is entitled to be claims servicer under the Reinsurance Agreement and to be paid for that work.

13. NICO is entitled to confirmation of each of the Panel's rulings that constitute the Final Award and entry of judgment under 9 U.S.C. § 9.

14. No grounds exist under 9 U.S.C. § 10 for refusing to recognize and confirm the Final Award.

WHEREFORE, in accordance with the terms of the Final Award and 9 U.S.C. § 9, NICO requests that this Court (1) enter judgment in favor of NICO and against Seaton upon the terms contained in the Final Award; and (2) such other and further relief as the Court may deem just and proper.

Dated: November 15, 2007
New York, New York

Respectfully submitted,

DEWEY & LEBOEUF LLP
John M. Nonna
Stephanie A. Wilkins
125 West 55th Street
New York, NY 10019
Phone: (212) 424-8000
Fax: (212) 424-8500

CLYDE & CO US LLP
Michael A. Knoerzer
The Chrysler Building
405 Lexington Avenue
11th Floor
New York, New York 10174
Phone: (212) 710-3900
Fax: (212) 710-3950

*Attorneys for Petitioner National Indemnity Company*