# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY,<br><br>Defendant. | C.A. No. 07-332-S-DLM |

**<u>DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL</u>**

Defendant Illinois Union Insurance Company ("Illinois Union") hereby moves, pursuant to Local Rule 7, for leave to file a short surreply to Plaintiff's reply memorandum in support of Plaintiff's motion to disqualify attorneys Paul Kalish and Jennifer Devery from representing Illinois Union.

In its opening brief, Seaton made two arguments in support of its motion to disqualify. <u>First</u>, Seaton argued that the conflicts waiver obtained by Crowell & Moring in 2001 from Seaton's agent, Randall/Cavell, and confirmed in the June 2003 Waiver Letter was "***not*** binding" because "Seaton never authorized Randall America to waive any conflicts on its behalf." (Seaton Opening Br. at 4.) Seaton further contended that even if the June 2003 Waiver Letter did confirm a conflicts waiver, the recipient of the letter, Tom Ryan, did not have the authority "to bind either Randall America or Seaton because Mr. Ryan was never an employee of either company." (*Id.* at 10.)

Second, Seaton argued that any waiver that had been granted had been revoked, particularly since Seaton subsequently terminated its relationship with Randall/Cavell. (Opening Br. at 10-11.)

In the face of Illinois Union's opposition, Seaton has, however, raised for the first time in its reply brief two brand new arguments. First, Seaton changes course and now argues that, although Randall/Cavell may have had some authority to grant conflicts waivers, the waiver that Randall/Cavell provided was "very limited" in scope. (Reply at 5.) Second, Seaton now argues that it "did not receive any consideration" from Crowell & Moring for the conflicts waiver. (Reply at 7.)

In light of Seaton's new arguments, Illinois Union requests leave to file a surreply memorandum not exceeding six pages.

ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8200 FAX
rkt@psh.com

DATED: February 28, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL was filed with the Clerk of the United States District Court for the District of Rhode Island this 28th day of February, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

John T. Harding / Morrison Mahoney LLP
jharding@morrisonmahoney.com

John T. Harding / Morrison Mahoney LLP
jharding@morrisonmahoney.com

/s/ Robert K. Taylor

970923_1/8031-2