**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY,

Defendant.

Civil Action No.: 07-332-S

**PLAINTIFF SEATON INSURANCE COMPANY'S**
**OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff Seaton Insurance Company f/k/a Unigard Mutual Insurance Company ("Seaton") opposes the "Motion for Leave to File Surreply in Support of Opposition to Plaintiff's Motion to Disqualify Counsel" dated February 28, 2008 [Document No. 37] filed by Defendant Illinois Union Insurance Company f/k/a GATX Insurance Company ("Illinois Union"). Put simply, Local District Court Rule 7 does not contemplate the filing of any papers beyond a motion, opposition and reply other than in exceptional circumstances. Illinois Union's motion does not identify any such exceptional circumstances that would support its request for leave to file an additional paper on the issue of whether its out-of-state counsel should be permitted to engage in simultaneous representation of adverse interests notwithstanding Seaton's expressly stated objection two years ago that it did not consent to any such dual representation.

Illinois Union has had a full and fair opportunity to brief the issues relating to this motion. Seaton has agreed not to oppose Illinois Union's request to have an attorney from the firm that is conflicted from representing Illinois Union argue the motion on March 6, 2008 if the Court permits the appearance, even though Seaton respectfully suggests that the request by

Illinois Union to have Crowell & Moring argue the motion under the circumstances of this proceeding is improper. Moreover, in response to Seaton's Motion to Disqualify, Illinois Union submitted no less than three affidavits and a lengthy memorandum of law. Illinois Union's prior submissions total more than 150 pages. Illinois Union fully dealt with the issues identified as being the subject of its proposed surreply in its original opposition. The arguments contained in Seaton's Reply are not in any sense new, but are simply proper reply to the arguments ***made by Illinois Union*** in its memorandum concerning the allegedly broad and all-encompassing nature of the purported waiver. [*See* Illinois Union Mem. at 4-8, 13-24]. No further reply by Illinois Union is warranted.

Finally, Seaton would not have any opportunity to respond to Illinois Union's proposed surreply unless, of course, it requested leave of Court to do so—in which event, the briefing on this issue would never end. Accordingly, there is no reason for the Court to permit any further briefing on this motion.

For the reasons stated, Seaton respectfully requests that Illinois Union's request for leave to file a further paper be denied.

Respectfully submitted,

**SEATON INSURANCE COMPANY, f/k/a**
**UNIGARD MUTUAL INSURANCE COMPANY**
By its attorneys,

*/s/ John T. Harding*

John T. Harding, *pro hac vice*
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Thomas M. Robinson, RI Bar # 6193
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
(401) 331-4660

Dated: February 29, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 29, 2008.

*/s/ John T. Harding*

John T. Harding