**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY,

Plaintiff,

v.

ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY,

Defendant.

Civil Action No.: 07-332-S

**PLAINTIFF SEATON INSURANCE COMPANY'S OPPOSITION TO DEFENDANT'S AMENDED MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff Seaton Insurance Company f/k/a Unigard Mutual Insurance Company ("Seaton") opposes the "Amended Motion for Leave to File Surreply in Support of Opposition to Plaintiff's Motion to Disqualify Counsel" dated February 29, 2008 [Document No. 39] filed by Defendant Illinois Union Insurance Company f/k/a GATX Insurance Company ("Illinois Union"). Seaton further requests that Illinois Union's Amended Motion be stricken from the docket in this matter.

In support of this opposition, Seaton incorporates by reference its "Opposition to Defendant's Motion for Leave to File Surreply" filed earlier today [Document No. 38]. Seaton further states that Illinois Union's Amended Motion is a ***blatant violation*** of the Rhode Island District Court Rules. Specifically, Local District Court Rule 7(b)(3) states: "No memorandum other than a memorandum in support of a motion, a memorandum in opposition, and a reply memorandum may be filed ***without prior leave of the Court***" (emphasis added). No such "prior leave" has been granted here and yet Illinois Union filed its proposed surreply as an exhibit to its Amended Motion. The rule clearly contemplates that no such paper be filed with the Court

unless the Court has granted the request for leave. Illinois Union's omission of its proposed surreply in its original motion was not "inadvertent," but rather consistent with the requirements of the Local District Court Rules. Illinois Union's deliberate disregard for the procedures established by the Court by attempting to inject its unauthorized surreply into the record when leave to do so has not been granted should not be tolerated. The Court should deny the Amended Motion and strike the unauthorized surreply from the docket.[1]

Respectfully submitted,

**SEATON INSURANCE COMPANY, f/k/a**
**UNIGARD MUTUAL INSURANCE COMPANY**
By its attorneys,

*/s/ John T. Harding*

______________________________

John T. Harding, *pro hac vice*
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Thomas M. Robinson, RI Bar # 6193
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
(401) 331-4660

Dated: February 29, 2008

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Electronic Case Filing (ECF) system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 29, 2008.

*/s/ John T. Harding*

______________________________

John T. Harding

[1] In light of these actions by Illinois Union, Seaton respectfully suggests that the Court not allow any attorney from Crowell & Moring to appear at the hearing on March 6, 2008.