# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY, Plaintiff, v. ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY Defendant. | Civil Action No. 07-332-DLM |

**DECLARATION OF MARK D. PLEVIN IN SUPPORT OF DEFENDANT ILLINOIS UNION'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL**

I, MARK D. PLEVIN, declare as follows:

1. I am a partner at Crowell & Moring LLP. I am over the age of twenty-one years and am otherwise competent to give this Declaration in support of Illinois Union's Opposition to Plaintiff's Motion to Disqualify Counsel. I have personal knowledge of the matters stated herein and know them to be true and correct.

2. In 2006, I undertook the representation of Maryland Casualty Company in connection with *In re Lloyd E. Mitchell, Inc.*, No. 06-13250-NVA (Bankr. D. Md.). On June 8, 2006, Crowell & Moring filed a Notice of Appearance and Request for Service of Papers (the "*Mitchell* notice") in that bankruptcy case. A copy of that notice is attached as Exhibit A.

3. As indicated in the certificate of service attached to and filed with the *Mitchell* notice, Crowell & Moring served the *Mitchell* notice on Commercial Union (One Beacon), c/o Christopher Goss, Acct. Mgr., 2 Central Square, Cavell America, Cambridge, MA 02139.

4. In 2006, Commercial Union ("CU") was an insurance company whose claims were administered by Cavell America, Inc., f/k/a Ken Randall America, Inc. ("Randall/Cavell"). At the

time I entered my appearance on behalf of Maryland Casualty in the *Lloyd E. Mitchell* bankruptcy case, Crowell & Moring represented CU in other insurance matters.

5. On June 14, 2006, I received an email from Brian Bendig, then a senior lawyer at Randall/Cavell, objecting to Crowell & Moring's representation of Maryland Casualty Company in the *Lloyd E. Mitchell* bankruptcy case. A true and correct copy of Mr. Bendig's June 14, 2006 email is attached as Exhibit B.

6. In his June 14, 2006 email, Mr. Bendig expressed the view, apparently because Crowell & Moring also represented CU in unrelated matters, that "[Crowell & Moring] has a clear conflict." (Exhibit B.) He further stated, "CU does not waive the conflict." (*Id.*)

7. I responded to Mr. Bendig's concern the next day, June 15, 2006. A true and correct copy of my June 15, 2006 email response, partially redacted to protect confidential information, is attached as Exhibit C.

8. In my June 15, 2006 email, I explained, among other things, that Randall/Cavell had executed a "blanket conflicts waiver agreement" on behalf of the Randall/Cavell-managed companies (of which CU was one) that permitted us to represent Maryland Casualty Company in the *Lloyd E. Mitchell* case "even if Maryland Casualty's interests are in conflict with CU's," "so long as [Crowell & Moring] is not already representing a Cavell-administered company in that particular matter." (Exhibit C.) I attached to my email a June 30, 2003 letter from Cliff Hendler, a partner at Crowell & Moring, to Tom Ryan at Randall/Cavell that set for the terms of this "broad advance waiver." (*Id.*)

9. Mr. Bendig responded to my June 15, 2006 email on June 16, 2006. A true and correct copy of Mr. Bendig's June 16, 2006 email to me, partially redacted to protect confidential information, is attached as Exhibit D.

10. In Mr. Bendig's June 16, 2006 email, he acknowledged that he had not seen the Hendler-Ryan June 30, 2003 letter. Mr. Bendig did not in his e-mail to me question the fact that it memorialized a waiver that permitted Crowell & Moring to represent Maryland Casualty, nor did CU or Randall/Cavell ever seek to disqualify me or Crowell & Moring from that representation. On the contrary, Mr. Bendig acknowledged "the broad waiver" granted to Crowell & Moring. (Exhibit D.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 25, 2008 in Washington, D.C.

Mark D. Plevin

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>Lloyd E. Mitchell, Inc.,<br><br>Debtor. | Case No. 06-1-3250-NVA<br><br>Chapter 11<br><br>Judge Alquist |

## NOTICE OF APPEARANCE AND REQUEST FOR SERVICE OF PAPERS

PLEASE TAKE NOTICE that the attorneys set forth below hereby appear as counsel for Maryland Casualty Company under Section 1109(b) of the Bankruptcy Code and, pursuant to Bankruptcy Rules 2002 and 9010, the undersigned request that the Clerk of this Court enter the following names and addresses on the general matrix for this case, and on all special or limited matrices, and request that copies of all notices, whether given pursuant to Bankruptcy Rule 2002 or otherwise, and all orders and other pleadings and papers in this case be given and sent to the following:

Mark D. Plevin
Leslie A. Epley
Joseph L. Meadows
Kelly R. Cusick
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Email: mplevin@crowell.com
Email: lepley@crowell.com
Email: jmeadows@crowell.com
Email: kcusick@crowell.com

PLEASE TAKE FURTHER NOTICE that this request includes not only the notices and papers referred to in the Bankruptcy Rules specified above, but also includes, without limitation, any or all orders, notices, applications, motions, petitions, pleadings, requests, complaints, demands, statements of affairs, operating reports, schedules of assets and liabilities, or other papers, whether formal or informal, written or oral, and whether transmitted or conveyed by mail, courier service, hand delivery, telephone, facsimile, transmission, telegraph, telex, electronic mail, or otherwise, which relate in any way to the above-referenced case or proceedings therein.

DATED: June 8, 2006

Respectfully submitted,

*/s/ Joseph L. Meadows*

Mark D. Plevin (D. Md. Bar No. 013415)
Leslie A. Epley (D. Md. Bar No. 015726)
Joseph L. Meadows (D. Md. Bar No. 015856)
Kelly R. Cusick
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Attorneys for Maryland Casualty Company

CERTIFICATE OF SERVICE

The undersigned certifies that on this 8th day of June, 2006, the foregoing was served pursuant to the ECF Guidelines and by first-class mail, postage prepaid to the following:

Ashcraft & Gerel
Suite 1212
10 E. Baltimore St.
Baltimore, MD 21202

Clifford W. Cuniff, Esq.
Suite 612, 207 E. Redwood St.
Baltimore, MD 21202-3320

Commercial Union (One Beacon)
c/o Christopher Goss, Acct. Mgr.
2 Central Square, Cavell America
Cambridge, MA 02139

Edward David Hoskins, Esq.
711 W. 40th St., Suite 425
Baltimore, MD 21211

Gary W. Kendall, Esq.
Michie, Hamlett, Lowry, Rasmussen et al.
500 Court Square, Ste. 300, POB 298
Charlottesville, VA 22902-0298

Goldman & Skeen, P.A.
c/o Harry Goldman, Jr., Esq.
4th Fl., 11 E. Lexington St.
Baltimore, MD 21202

Goodman, Meagher & Enoch, LLP
7th Fl., 111 N. Charles St.
Baltimore, MD 21201

James J. Fabian, Esq.
326 St. Paul St., Suite 100
Baltimore, MD 21202

Law Offices of Peter Angelos, P.C.
One Charles Center
100 North Charles St.
Baltimore, MD 21201-3812

Law Offices of Peter T. Enslein, P.C.
1738 Wisconsin Ave., N.W.
Washington, DC 20007-2313

Law Offices of Peter T. Nicholl
Suite 1700, Charles Center South
36 South Charles St.
Baltimore, MD 21201

Parker, Dumler & Kiely, LLP
Suite 2200
36 South Charles St.
Baltimore, MD 21201

Paul A. Weykamp, Esq.
110 St. Paul St., Suite 300
Baltimore, MD 21202

Stephen J. Nolan, Chartered
Suite 2200 Court Towers
210 W. Pennsylvania Ave.
Baltimore, MD 21204-4508

Travelers Insurance
c/o Jeffrey Cranston
One Tower Square
Hartford, CT 06183

Verderaime & DuBois, P.A.
1231 North Calvert St.
Baltimore, MD 21202

Maryland Casualty Company
Goodell, DeVries, Leech & Dann, LLP
One South St., 20th Fl.
Attn: Atty Dann
Baltimore, MD 21202

Dated: June 8, 2006

*/s/ Joseph L. Meadows*

Joseph L. Meadows (D. Md. Bar No. 15856)
CROWELL & MORING LLP
1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

2774065

EXHIBIT B

**McBride-Bukont, Kellyann**

| | |
|---|---|
| **m:** | Brian Bendig [Brian.Bendig@cavellamerica.com] |
| **ent:** | Wednesday, June 14, 2006 11:39 AM |
| **To:** | Plevin, Mark |
| **Subject:** | Lloyd E. Mitchell, Inc. |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Mark:

I understand C&M has been retained by Maryland Casualty/Zurich (MC/Z) in the Chapter 11 proceeding styled In Re Lloyd E. Mitchell, Inc., filed last week in the US Bankruptcy Court for the District of Maryland.

C&M has a clear conflict respecting this representation. The conflict is obvious even from the limited information we possess at present. MC/Z sits immediately below CU coverage issued to the debtor. The exhibit to the debtor's voluntary petition indicates MC/Z and debtor are settling on a buyback basis, with a consequent exhaustion claim. CU does not waive the conflict.

We are informed that you have appeared on behalf of MC/Z. I am unaware that anyone from C&M even contacted us regarding this situation. We had to learn about it through other means.

EXHIBIT C

**McBride-Bukont, Kellyann**

**From:** Plevin, Mark
**Sent:** Thursday, June 15, 2006 3:54 PM
'Brian Bendig'
**Subject:** RE: Lloyd E. Mitchell, Inc.

**Attachments:** SFX2D37.pdf

Brian:

You are a valued client, and I am obviously concerned that you are concerned, per your e-mail below, about our representation of Maryland Casualty in the Lloyd E. Mitchell Co. matter.

With this response, I am hoping to reassure you in two ways. First, I want to explain why there does not actually appear to be a conflict between Maryland Casualty and Commercial Union in connection with the Mitchell matter. Second, I want to bring to your attention our blanket conflicts waiver agreement with the Cavell-administered entities that permits us to proceed with the Maryland Casualty representation, even if there were a conflict, given that we are not already doing any work for CU with respect to Mitchell. Needless to say, if you have any questions or would like to discuss this further after considering the rest of this e-mail, please give me a call.

First, as a substantive matter:

REDACTED

Second, even if there were a conflict -- and again, we do not believe that there is one -- Cavell America has already provided our firm with a blanket conflicts waiver that permits us to handle the Mitchell matter for Maryland Casualty. I attach a June 30, 2003 letter (that it appears you have not seen before) from Cliff Hendler to Tom Ryan which sets forth the terms of Cavell's broad advance waiver. Page 3 of the letter reiterates a series of conflicts understandings and waivers that previously had been agreed to by the parties. In pertinent part, the letter states:

> Thus, you will recall that Crowell & Moring also represents other carriers such as ACE Companies, RiverStone-administered entities, United Educators, St. Paul, and Liberty in numerous multi-carrier insurance matters, including matters in which Randall-administered companies may have an adverse interest, and that it is understood that Crowell & Moring can continue to do such present and future cases for other carriers as a matter of course where Crowell & Moring is not in such cases representing Randall-administered companies.

Given these conflicts understandings, C&M may take on representations for other insurers whose interests may be adverse to the interests of Cavell-administered companies, so long as C&M is not already representing a Cavell-administered company in that particular matter. Since C&M does not represent any Cavell-administered company in connection with the Mitchell matter, we are able to take on the representation of Maryland Casualty in the Mitchell matter, even if Maryland Casualty's interests are in conflict with CU's -- which, as I have explained, we do not believe them to be.

I would, of course, be pleased, if necessary, to speak with you further about this, and hope very much that the additional information contained in this e-mail allays your concerns.

Mark D. Plevin
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2801
(202) 628-5116
mplevin@crowell.com
www.crowell.com

SFX2D37.pdf (337 KB)

-----Original Message-----
From: Brian Bendig [mailto:Brian.Bendig@cavellamerica.com]
Sent: Wednesday, June 14, 2006 11:39 AM
To: Plevin, Mark
Subject: Lloyd E. Mitchell, Inc.

Mark:

I understand C&M has been retained by Maryland Casualty/Zurich (MC/Z) in the Chapter 11 proceeding styled In Re Lloyd E. Mitchell, Inc., filed last week in the US Bankruptcy Court for the District of Maryland.

C&M has a clear conflict respecting this representation. The conflict is obvious even from the limited information we possess at present. MC/Z sits immediately below CU coverage issued to the debtor. The exhibit to the debtor's voluntary petition indicates MC/Z and debtor are settling on a buyback basis, with a consequent exhaustion claim. CU does not waive the conflict.

We are informed that you have appeared on behalf of MC/Z. I am unaware that anyone from C&M even contacted us regarding this situation. We had to learn about it through other means.

crowell moring 1001 Pennsylvania Avenue, NW, Washington, DC 20004-2595 ▪ p202 624-2500 ▪ f202 628-5116

June 30, 2003

Clifford B. Hendler
(202) 624-2928
chendler@crowell.com

**PRIVILEGED AND CONFIDENTIAL/
ATTORNEY-CLIENT COMMUNICATION/
ATTORNEY WORK PRODUCT**

**By Federal Express**

Thomas M. Ryan, Esq.
Randall America
2 Central Square
Cambridge, MA 02139-3311

Re: Crowell & Moring Billing Rates

Dear Tom:

Following up on our recent e-mails -- and recognizing that the last thing either of us wants to talk about any further is the economics as opposed to the substance of our firm's legal work on your behalf -- I am pleased to enclose as the last "piece of the puzzle" the Crowell & Moring 2003 lawyer-by-lawyer rate chart for Randall America matters. This lawyer-by-lawyer rate chart implements the May 21st e-mail that I sent to you accepting the "Rob Whitney February 14th proposal" for rates as summarized in the March 23, 2003 chart that we previously faxed up to you.

As you will see, to confirm our having followed the "old ACE rates" bands of billing rates approach agreed upon, the rates chart includes after each lawyer's name the year that lawyer graduated from law school and his or her position within the firm. Included on the chart are all of the lawyers who have worked on Randall America matters this year through 5/31/03.

While the other categories are self-explanatory, let me here, per Rob Whitney's suggestion, address explicitly partner rates and staffing. First, Rob expressed an expectation that most of the asbestos/bankruptcy case work would be led by Mark Plevin and me and our asbestos/bankruptcy team partners as contrasted with Andy Marks and the partners who with Andy have taken the lead on the environmental matters now being transitioned to other law firms. While Andy and environmental team partners Robert Davis, Fred Souk and Alex de Gramont are on the chart and in the same bands that they were in last year, given

their 2003 work to date on the environmental matters being transitioned, Mark and I do not expect those partners to be working on the asbestos/bankruptcy docket over the second half of the year.[1]

As for our asbestos/bankruptcy team, the same partners are likewise on the chart and in the same partner bands as they were last year -- senior partner (Mark and me) and coverage/bankruptcy team partners (Ted Ebert and Dave Florin) -- with three changes that I want to flag for you. First, Thorpe partner Steve Rice has been moved from the "other partners/counsel" band to the "coverage/bankruptcy team partners" band per your agreement during the conference call that you, Brian Snover and I had in March (and as reflected in the March 23rd chart).

Second, two experienced, core insurance team partners who had not previously worked on Randall America matters -- Paul Kalish and Cliff Elgarten -- have been added to the Randall America chart as "coverage/bankruptcy team partners" given their work for Randall on the Combustion Engineering asbestos/bankruptcy litigation. By way of background, Paul is now the co-chair of the Crowell & Moring insurance practice with me having dedicated the vast majority of his legal work over the past 15 years to insurance coverage litigation. Paul also serves as "de facto general counsel" to the Coalition for Asbestos Justice. ACE USA routinely turns to Paul to handle high profile matters. For example, Paul is leading the defense of the ACE USA Companies in the Wise, Cashman, and related asbestos tort cases along with Andy Marks.

Cliff Elgarten -- a former U.S. Supreme Court clerk and perhaps our firm's leading appellate lawyer -- has likewise been called upon by ACE USA for many years to litigate high profile coverage matters. For example, earlier this month, Cliff argued the 3M breast implant coverage case to the Minnesota Supreme Court. Several years ago, he won the Helena Chemicals case in South Carolina by prevailing on a series of summary judgment motions. And several years before that, in Bristol Myers Squibb, Cliff argued and won for the carriers in state court in Beaumont, Texas the pre-merger issue.[2]

---

1 If subsequent developments did appear to us to warrant involving Andy or another one of those partners, we would, of course, discuss that staffing question with the responsible Randall America in-house counsel and claim official.

2 Our billings for Thorpe for April will also reflect six hours of time at the coverage partner rate for Luther Zeigler who served as a mock Fifth Circuit Judge

(continued...)

Finally, you will see in our $295/hour "other partners/counsel" band, a group of six counsel with an average of over 12 years of legal experience. As you will note, and we hope appreciate in terms of our efforts to keep down the total number of billable hours spent on Randall America matters, we have so far this year not had to utilize the services of any of our generalist litigation partners who, lacking coverage/bankruptcy experience, might have to spend additional hours, albeit at a heavily discounted rate, to get "from point A to point B."

Crowell & Moring's standard billing rates are expected to increase effective September 1, 2003. Nonetheless, as we have agreed, the specially discounted bands of rates that we have agreed upon for lawyers at the different levels of seniority will for Randall America remain in effect through December 31, 2003.[3] Likewise, as we have agreed, Randall America will process Crowell & Moring billing statements at those specially discounted rates for payment within 45 days after receipt by Randall America.

Lastly, as we formally renew our business relationship with you for 2003, our Professional Responsibility Committee requests that we reiterate that the same conflicts understandings and waivers that have enabled our firm both to represent Randall America carriers and other firm insurance clients will remain in effect. Thus, you will recall that Crowell & Moring also represents other carriers such as ACE Companies, RiverStone-administered entities, United Educators, St. Paul, and Liberty in numerous multi-carrier insurance matters, including matters in which Randall-administered companies may have an adverse interest, and that it is understood that Crowell & Moring can continue to do such present and future cases

---

(...continued)

for Mark Plevin's moot court. An eighteen year lawyer, Luther's insurance coverage experience goes back to the late 1980's and includes his originally co-chairing ACE USA's Exxon environmental litigation with Mark Plevin.

3 When our new first-year associates arrive in September after taking the bar, current first years become second years, current second years become third years and so forth. Thus, consistent with the "old ACE rates," a couple of fourth years will become fifth years and move into the senior associates rate band at that time. However, the billing rate for that senior associate band will remain fixed, and we have agreed not to seek an adjustment of it, even as the firm's standard rates for senior associates are almost certain to go up, further widening the discount between standard rates and Randall rate bands.

for other carriers as a matter of course where Crowell & Moring is not in such cases representing Randall-administered carriers. Also, with respect to the ACE Companies, Randall has agreed (1) that Crowell & Moring would not itself bring cross-claims or bad faith/extracontractual claims against ACE-related companies; (2) to case-by-case approval from ACE for new Randall representations (with ACE reserving a right of first refusal and/or to propose a counsel sharing arrangement, but also pledging to act reasonably and expeditiously); and (3) that Crowell & Moring itself would not take positions for Randall on substantive matters that would create positional conflicts with ACE. As you and I discussed last fall in connection with Thorpe, such conditions do not preclude Randall from advocating positions opposite to ACE's (or bringing cross-claims or bad faith claims against ACE), so long as Randall uses one of its other law firms to do so.

* * * *

Tom, having finished writing you this long letter about "business matters," I am eager now to get back to work on substance. Let me close, if I may, for all of us here on the Crowell & Moring/Randall America team by thanking you and your colleagues for the opportunity to represent you on the important and interesting cases entrusted to us. While such "business matters" do have to be addressed, we are pleased now to have them behind us for 2003.

Sincerely,

Clifford B. Hendler

Enclosure

cc (w/encl.): Robert A. Whitney, Esq.

2052802

| NEW RANDALL AMERICA RATES FOR 2003 | | |
|---|---|---|
| 10374 | | |
| Name | Position | 2003 Randall Rates |
| Hendler, Clifford B. '78 | Senior Partner | $360 |
| Marks, Andrew H .'76 | Senior Partner | $360 |
| Plevin, Mark D. '81 | Senior Partner. ($375 as of 6/1/03) | $360 |
| Davis, Jr., Robert C. '78 | Coverage Partner | $350 |
| de Gramont, Alexandre G. '90 | Coverage Partner | $350 |
| Ebert, Robert T. '76 | Coverage/Bankruptcy Team Partner | $350 |
| Elgarten, Clifton S. '79 | Coverage/Bankruptcy Team Partner | $350 |
| Florin, David '77 | Coverage Partner | $350 |
| Kalish, Paul W. '86 | Coverage/Bankruptcy Team Partner | $350 |
| Rice, Steven P. '80 | Coverage/Bankruptcy Team Partner | $350 |
| Souk, Fred S.'75 | Coverage Partner | $350 |
| Ackerman, Peter B. '84 | Counsel | $295 |
| Alp Paul N. '95 | Counsel | $295 |
| Eaton, Mark R. '75 | Counsel | $295 |
| Parham, Monica G. '93 | Counsel | $295 |
| Pittman, Jonathan H. '90 | Counsel | $295 |
| Underhill, Kathryn A. '84 | Counsel | $295 |
| Bagley, Andrew W. '94 | Senior Associate | $240 |
| Corrao, Stephanie '91 | Senior Associate | $240 |
| Devery, Jennifer '98 | Senior Associate | $240 |
| Gold, Kimberly J. '95 | Senior Associate | $240 |
| Koehler, Beth '97 | Senior Associate | $240 |
| Kramer, Beth M. '95 | Senior Associate | $240 |
| Owens, Amy E. '98 | Senior Associate | $240 |
| Parsons, Barry '95 | Senior Associate | $240 |
| Abelow, Michael G. '00 | Associate | $180 |
| Allison, Bridget K. '99 | Associate | $180 |
| Boone, Laural S. '01 | Associate | $180 |
| Borchert, John W. '99 | Associate | $180 |
| Epley, Leslie '01 | Associate | $180 |
| Kang, Suzanna '00 | Associate | $180 |
| Keith, F. Ryan '00 | Associate | $180 |
| Linde, Jonathan T. '01 | Associate | $180 |
| Lopez, Theresa '99 | Associate | $180 |
| Marshall, Sean '02 | Associate | $180 |
| Martin, Stephen D. '02 | Associate | $180 |
| Murphy, Justin P. '01 | Associate | $180 |
| Newman, Amy B. '01 | Associate | $180 |
| | | |
| Friedt, Christopher F. | Law Clerk | $135 |
| Peterkin, Donna M. | Law Clerk | $135 |
| Zaprauskis, Maya | Law Clerk | $135 |
| Anderson, Lakeitha | Legal Assistant | $130 |
| | | |

6/30/2003
(2046038)

EXHIBIT D

**McBride-Bukont, Kellyann**

**From:** Brian Bendig [Brian.Bendig@cavellamerica.com]
**Sent:** Friday, June 16, 2006 11:04 AM
**T** Plevin, Mark
**Subject:** RE: Lloyd E. Mitchell, Inc.

I had not seen Cliff's June 2003 letter. It would be far better for client relations if there were more active communication of intent to represent other carriers in specific matters where Cavell companies are also involved, rather than allowing us to find out first through other means. If the courtesy of prior notification does not occur, we might be forced to reconsider the broad waiver or our arrangement more generally.

-----Original Message-----
**From:** Plevin, Mark [mailto:MPlevin@crowell.com]
**Sent:** Thursday, June 15, 2006 3:54 PM
**To:** Brian Bendig
**Subject:** RE: Lloyd E. Mitchell, Inc.

Brian:

You are a valued client, and I am obviously concerned that you are concerned, per your e-mail below, about our representation of Maryland Casualty in the Lloyd E. Mitchell Co. matter.

With this response, I am hoping to reassure you in two ways. First, I want to explain why there does not actually appear to be a conflict between Maryland Casualty and Commercial Union in connection with the Mitchell matter. Second, I want to bring to your attention our blanket conflicts waiver agreement with the Cavell-administered entities that permits us to proceed with the Maryland Casualty representation, even if there were a conflict, given that we are not already doing any work for CU with respect to Mitchell. Needless to say, if you have any questions or would like o discuss this further after considering the rest of this e-mail, please give me a call.

First, as a substantive matter,

REDACTED

Second, even if there were a conflict -- and again, we do not believe that there is one -- Cavell America has already provided our firm with a blanket conflicts waiver that permits us to handle the Mitchell matter for Maryland Casualty. I attach a June 30, 2003 letter (that it appears you have not seen before) from Cliff Hendler to Tom Ryan which sets forth the terms of Cavell's broad advance waiver. Page 3 of the letter reiterates a series of conflicts understandings and waivers that previously had been agreed to by the parties. In pertinent part, the letter states:

> Thus, you will recall that Crowell & Moring also represents other carriers such as ACE Companies, RiverStone-administered entities, United Educators, St. Paul, and Liberty in numerous multi-carrier insurance matters, including matters in which Randall-administered companies may have an adverse interest, and that it is understood that Crowell & Moring can continue to do such present and future cases for other carriers as a matter of course where Crowell & Moring is not in such cases representing Randall-administered companies.

Given these conflicts understandings, C&M may take on representations for other insurers whose interests may be adverse to the interests of Cavell-administered companies, so long as C&M is not already representing a Cavell-administered company in that particular matter. Since C&M does not represent any Cavell-administered company in connection with the Mitchell matter, we are able to take on the representation of Maryland Casualty in the Mitchell matter, even if Maryland Casualty's interests are in conflict with CU's -- which, as I have explained, we do not believe

them to be.

I would, of course, be pleased, if necessary, to speak with you further about this, and hope very much that the additional information contained in this e-mail allays your concerns.

Mark D. Plevin
:rowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Phone: (202) 624-2801
Fax: (202) 628-5116
mplevin@crowell.com
www.crowell.com

<<SFX2D37.pdf>>

-----Original Message-----
From: Brian Bendig [mailto:Brian.Bendig@cavellamerica.com]
Sent: Wednesday, June 14, 2006 11:39 AM
To: Plevin, Mark
Subject: Lloyd E. Mitchell, Inc.

Mark:

I understand C&M has been retained by Maryland Casualty/Zurich (MC/Z) in the Chapter 11 proceeding styled In Re Lloyd E. Mitchell, Inc., filed last week in the US Bankruptcy Court for the District of Maryland.

C&M has a clear conflict respecting this representation. The conflict is obvious ~ven from the limited information we possess at present. MC/Z sits immediately below .U coverage issued to the debtor. The exhibit to the debtor's voluntary petition indicates MC/Z and debtor are settling on a buyback basis, with a consequent exhaustion claim. CU does not waive the conflict.

We are informed that you have appeared on behalf of MC/Z. I am unaware that anyone from C&M even contacted us regarding this situation. We had to learn about it through other means.