**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| SEATON INSURANCE COMPANY, f/k/a UNIGARD MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY,<br><br>Defendant. | C.A. No. 07-332-S |

**ILLINOIS UNION INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO SEATON INSURANCE COMPANY'S MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF CLIFFORD B. HENDLER**

Defendant Illinois Union Insurance Company, f/k/a/ GATX Insurance Company ("Illinois Union"), submits this Memorandum of Law in opposition to Seaton's Motion to Strike the Supplemental Declaration of Clifford B. Hendler (the "Motion to Strike"), submitted by Illinois Union in connection with its Appeal from the Magistrate Judge David L. Martin's Memorandum and Order (the "Appeal").

## ARGUMENT

### I. The Court Should Exercise Its Discretion Under the Controlling Precedent to Receive and Consider the Additional Evidence Presented by Illinois Union

The First Circuit has held that a district court reviewing a magistrate judge's order on a pretrial, nondispositive matter pursuant to 28 U.S.C. § 636(b)(1)(A) has the discretion to receive and consider new evidence. *Conetta v. Nat'l Hair Care Ctrs., Inc.,* 236 F.3d 67, 74 (1st Cir. 2001). Furthermore, there is no requirement that the magistrate judge or the court request the additional evidence prior to its submission or receipt. The Supplemental Hendler Declaration was submitted to clarify a factual point concerning ongoing matters that had previously been

described by Illinois Union's counsel at the March 6, 2008 motions hearing before Magistrate Judge Martin. It is thus within the Court's discretion to receive and consider the Supplemental Hendler Declaration to supplement the description of the ongoing legal matters as described by counsel at that time.[1]

Seaton wrongly asserts that "no . . . discretion exists when the Court is reviewing a decision on nondispositive motions and the 'clear error' standard of review applies." (Motion to Strike at 4.) Seaton cites two cases from the Northern District of Illinois and the Third Circuit case, *Haines v. Liggett Grp, Inc*. Of course, none of these control here. Indeed, in *Conetta*, the First Circuit purposefully considered and rejected application of *Haines* to limit the power of the district courts within the First Circuit to consider additional evidence on an appeal under § 636(b)(1)(A). *See Conetta*, 236 F.3d at 74 (issuing its holding and citing to *Haines v. Liggett Group Inc*. in the "But see" format.) Indeed, Seaton's only citation to the controlling holding of *Conetta* wrongfully proposes that its holding only applies where the District Court "has reason to think that the record was incomplete." (Motion to Strike at 5, n. 3.)

In fact, the First Circuit's decision regarding the discretion of the district court to receive and consider new evidence does not turn on the incompleteness of the record, let alone limit it in that way. *Conetta* is plainly focused on preserving the district judge's power to control its own cases. *See, e.g.*, 236 F. 3d at 74 (stating "The case itself belongs to the district judge

---

[1] The arguments present in this Memorandum of Law in opposition to the Motion to Strike also support Illinois Union's submission of the Declaration of Robert B. Burns (the "Burns Declaration") in conjunction with its Reply Brief in Support of its Appeal. Furthermore, even under the inaccurate standard proposed by Seaton in its Motion to Strike – i.e., that *Conetta* only permits new evidence when the district court "has reason to think the record is incomplete" (Motion to Strike at 5, n. 3) – the Burns declaration should also be considered by the Court in its review of the Memorandum and Order. Magistrate Judge Martin's Memorandum and Order assumed but disregarded the oral agreement. Seaton, on appeal, has suggested it wasn't credited. Thus, the record on that factual issue is plainly "incomplete." Mr. Burns' declaration addresses the precise factual matter newly raised by Seaton on appeal. Accordingly, Illinois Union submits that there is good cause for the Court to receive and consider this additional evidence and that "further investigation is necessary." *Conetta*, 236 F.3d at 74.

throughout.") In this sense, the First Circuit purposefully rejected the *Haines* inference of "no discretion" in order to ensure that the intent of the Magistrate's Act is not undermined (and a district judge's power reduced) by an overly strict application of § 636(b)(1)(a) where that subsection does not limit the judge's discretion. *Id*. (stating "The Magistrates Act does not set up a new and independent court system, rigidly separated from the district court: rather, the statute enlarges powers previously exercised by magistrates and commissioners to *assist district judges in their duties.*") (emphasis added). According to the First Circuit, although "the statute does not specifically provide for new evidence to be taken by the district court … under subsection 636(b)(1)(A)," the "limited review" clause of 636(b)(1)(A) was only included "to assure litigants *a right* to have a pretrial ruling reconsidered where it rests on clear error or a mistake of law …." *Id*. (emphasis in the original). Thus, the First Circuit found that a district court's discretion to receive and consider new evidence was warranted because the Act "does not seem to have been intended to limit the power of the district judge." *Id*. (citing to H. Rep. No. 94-1609, at 9-10).

Indeed, the First Circuit has suggested that the district court "might have been entitled to hold an evidentiary hearing and decide the matter . . . itself *de novo* on a fuller record." *Id*. But there is no need to do so here. The submission or submissions at issue here merely reinforce matters that were squarely in the record and considered by the Magistrate Judge. They serve a limited purpose. And, notwithstanding Seaton's assertion that under *Conetta*, "every case would devolve into *de novo* review…." (Motion to Strike at 6.), the true meaning is that the district court has the discretion to exercise judgment. In this case, it is reasonable to conclude that the Supplemental Hendler Declaration should be received and considered.

## II. <u>The Facts of the Supplemental Hendler Declaration Were Before the Magistrate Judge Upon His Consideration of the Motions</u>

Finally, as noted above, the information set forth in the Supplemental Hendler Declaration was fully before Magistrate Judge Martin before his consideration of the motions that are the subject of the Memorandum and Order. At the March 6th motions hearing before the Magistrate Judge, counsel for Illinois Union outlined in detail the same basic information that was included in the Supplemental Hendler Declaration. (Transcript of March 6, 2008 Motions Hearing Before Magistrate Judge David L. Martin at 18-19 (describing in detail the remaining representations of Seaton by Crowell & Moring).) The Supplemental Hendler Declaration puts in testimonial form the factual points, addressing the current state of the representations, made by Illinois Union's counsel.[2] As such, there is no cause for striking Illinois Union's arguments that cite the Supplemental Hendler Declaration and, indeed, nothing in Illinois Union's briefs are at all dependent upon the argument.

## <u>CONCLUSION</u>

Seaton's Motion to Strike should be denied and the Supplemental Hendler Declaration (as well as the Burns Declaration) should be received and considered by the Court.

---

[2] In contrast, the declaration of Robert B. Burns is submitted with Illinois Union's Reply Brief in support of Its Appeal in light of Magistrate Judge Martin's plain (and unchallenged) mistake of law, pursuant to which Magistrate Judge Martin failed to address a factual issue newly raised by Seaton in its opposition to Illinois Union's appeal. Under the Court's discretion, it may receive and review both the Supplemental Hendler Declaration and the Burns Declaration, only the Supplemental Hendler Declaration, or only the Burns Declaration. As stated by the First Circuit in *Conetta*, on these facts "it would be bizarre . . . to prevent the district court from considering the more complete evidence" provided by the Burns Declaration. 236 F.3d at 74.

Respectfully submitted,

ILLINOIS UNION INSURANCE COMPANY, f/k/a GATX INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Robert K. Taylor
Robert K. Taylor (#6514)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8200 FAX
rkt@psh.com

DATED: September 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO SEATON'S MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF CLIFFORD B. HENDLER was filed with the Clerk of the United States District Court for the District of Rhode Island this 4th day of September, 2008 and is available for viewing and downloading to the following ECF registered counsel of record:

John T. Harding / Morrison Mahoney LLP
jharding@morrisonmahoney.com

Thomas M. Robinson / Morrison Mahoney LLP
trobinson@morrisonmahoney.com

/s/ Robert K. Taylor

1006199_1/8031-2